UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LUCIANA F LAWSON** | **CASE NO. 6:16-CV-01719** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **AT&T MOBILITY SERVICES L L C** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court in this employment discrimination suit is a motion for summary judgment filed by Defendant AT&T Mobility Services LLC ("AT&T") [Doc. No. 36]. Pursuant to its motion, AT&T seeks dismissal of Plaintiff Luciana Lawson's claim of race discrimination. For the reasons that follow, the motion is GRANTED.

### I.
### BACKGROUND

Luciana Lawson ("Plaintiff") is a former employee of AT&T, who brought this suit in the 16th Judicial District Court, alleging that AT&T discriminated against her on the basis of race when it terminated her employment. Plaintiff's petition alleged that she had filed a charge of discrimination with the Equal Employment Opportunity Commission and had exhausted her administrative requirements for filing a suit, presumably for an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. In her petition, Plaintiff alleged that AT&T's actions were in violation of the "Louisiana Employment Discrimination Law as amended by Act 1409 [La. R.S. 23:301 et seq.] and all other applicable statutes." AT&T then filed a Notice of Removal on December 14, 2016, removing the case to this Court.

1

Plaintiff Luciana Lawson is an African-American woman who worked for AT&T as a retail sales consultant in its New Iberia, Louisiana store.[1] As part of her job, she handled cash transactions with AT&T customers.[2] On September 22, 2015 Raphael Turner, an Assistant Store Manager in the New Iberia store, reported that there was a cash register shortage of $417.25 from September 3, 2015.[3] AT&T Asset Protection manager Joe Mato investigated the register shortage, reviewing surveillance video and cash register records. Mr. Mato matched a receipt for a $416.99 cash transaction handled by Ms. Lawson with the corresponding store surveillance video, which showed Ms. Lawson opening the cash drawer, removing something from it, and closing the drawer without placing any cash in the drawer.[4] Mr. Mato interviewed Ms. Lawson on October 20, 2015 and showed Ms. Lawson the video corresponding to the $416.99 cash transaction. Ms. Lawson had no explanation for why she did not place any cash in the drawer.[5] Plaintiff denied stealing any money.[6] Ms. Lawson reported to store manager Marcia Bonnet, who is African-American.[7] Ms. Bonnet reported to area retail sales manager David Reed, who is African-American.[8] Mr. Reed reported to Robert Sellman, who is also African-American.[9] Mr. Sellman reviewed the report of investigation prepared by Mr. Mato, as well as the video tape that Mr. Mato had showed Ms. Lawson during her interview on October 20, 2015. Mr. Sellman concluded that Ms. Lawson had stolen cash, and after receiving concurrence from Sonny Jasso in AT&T's Human Resources department, made the decision to terminate Ms. Lawson's employment.[10]

---

[1] Plaintiff Deposition, p. 7; Mato Decl. at Ex. 1, p. ATT 916.
[2] Mato Decl. at Ex. 1, p. ATT 916
[3] Mato Decl. at Ex. 1, p. ATT 909
[4] Mato Decl. at ¶¶ 3, 6 and Ex. 1, pp. ATT 909-910
[5] Mato Decl. at Ex. 1, pp. ATT 910, 916-917
[6] Plaintiff Deposition, p. 24
[7] Plaintiff Deposition, p. 8; Defendant's Answer to Interrogatory No. 15
[8] (Plaintiff Deposition, p. 8; Defendant's Answer to Interrogatory No. 15
[9] Defendant's Answer to Interrogatory No. 15
[10] Defendant's Answer to Interrogatory No. 15; Sellman Deposition, pp. 113, 116

Plaintiff testified that she did not recall any instances which would cause her to conclude that either Ms. Bonnet or Mr. Reed were prejudiced against African-American individuals. She believed that her termination was motivated by race due to the fact that, prior to this incident, two white employees were accused of theft and were only given written warnings, but were not terminated.[11]

In the spring of 2015, two white employees, Amber Mire and Laney LeBlanc, had been suspected of theft.[12] The two employees had worked together to prepare a cash deposit, which was short by $3,699. Rick Fernandez, another Asset Protection manager, had investigated that matter and reviewed surveillance video of the two employees preparing the deposit.[13] The surveillance video was inconclusive because there were times when the employees were not in video surveillance camera range.[14] Mr. Sellman also reviewed the surveillance video of Ms. Mire and Ms. LeBlanc and agreed it was inconclusive.[15] As a result, AT&T concluded that it did not have sufficient evidence to charge these two employees with theft.

At the time of these incidents, Berenice Lewis was the Human Resources manager who provided advice to Mr. Sellman. According to Ms. Lewis, where there was neither video evidence nor eye witnesses of theft, human resources recommends that the matter be treated as a performance issue, which is subject to a lower level of discipline than termination.[16] Where the evidence shows employee theft, the matter is considered a code of business conduct issue, in which case the employee would be terminated.[17]

---

[11] Plaintiff Deposition, p.13
[12] Lewis Decl. at ¶ 3
[13] Fernandez Deposition, pp. 21, 36
[14] Id.; Lewis Decl. at ¶ 4
[15] Sellman Deposition, pp. 168-169
[16] Lewis Decl. at ¶ 4
[17] Sellman Deposition, pp. 53, 54, 95

3

## II.
## APPLICABLE LAW

### A. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

**B.     Title VII**

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a).[18] An employer's action will be found unlawful if the employee can demonstrate his race was a "motivating factor" for his firing, even if the employer was also motivated by other lawful factors. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (citing 42 U.S.C. § 2000e-2(m)). A plaintiff can prove a claim of unlawful discrimination by either direct or circumstantial evidence. Cases built on the latter, such as this one, are analyzed under the framework set forth in the seminal case of *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *See e.g. McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Under that framework, the plaintiff must first establish a prima facie case of discrimination by showing: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he was discharged or subject to an adverse employment action by his employer; and (4) he was replaced by someone outside his protected class or was treated less favorably than other similarly situated employees outside of the protected group. *Id.*; *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512 (5th Cir.2001).

---

[18] Courts analyze claims under the Louisiana Employment Discrimination Law by applying the same standards as those applied to claims under Title VII. *Peterson v. Linear Controls*, 2017 WL 3907299 at *14 (citing *DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007)).

5

If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *McCoy* at 557. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. *Id.* If the employer meets this burden, the presumption of discrimination disappears, and the plaintiff must then either: (1) offer sufficient evidence to create a genuine issue of material fact that the employer's proffered reason is not true, but instead is a pretext for a discriminatory purpose (the pretext alternative), or (2) demonstrate defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (the mixed-motive alternative). *Id.*; *Vaughn* at 636; *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

### III.
### ANALYSIS

In the instant case, AT&T does not dispute the first three requirements of Plaintiff's prima facie case and only challenges the fourth requirement, namely that Plaintiff was treated less favorably than other similarly situated employees outside of the protected group. AT&T asserts that the two white employees who Plaintiff claims were treated more favorably than her were not similarly situated in that there was no video evidence which AT&T could rely upon to conclude that one or either of them had committed a theft. Accordingly, their case was judged as a "performance issue" not subject to termination. In contrast, Plaintiff's case was judged under a "business conduct" standard because video and corresponding documentary evidence showed Plaintiff opening the drawer and not putting cash into the drawer during a documented cash transaction, which supported a finding of employee theft.

"Disparate treatment occurs where an employer treats one employee more harshly than other 'similarly situated' employees for 'nearly identical' conduct." *Vaughn*, 665 F.3d at 637

(citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *see also Turner v. Kansas City Southern Ry. Co.*, 675 F.3d 887, 892-93 (5th Cir. 2012) (In work-rule violation cases, a plaintiff can demonstrate disparate treatment by showing that employees outside of his protected class who engaged in similar acts were not punished similarly). "[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions," because "[i]f the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer, the employees are not similarly situated for the purposes of an employment discrimination analysis." *Lee* at 260 (internal quotation marks omitted); *see also Turner* at 893.

In the instant case, AT&T argues that the difference in the treatment between Plaintiff and the two while employees was the difference in their conduct. In Plaintiff's case, AT&T reviewed all transactions performed by Plaintiff and located a cash transaction where the video evidence shows Plaintiff opening the cash drawer but not placing any cash in the drawer. The transaction was $0.26 different than the amount missing from the register. With regard to Ms. Mire and Ms. Leblanc, the two white employees, there was no specific transaction with a customer but rather a nightly deposit where the two employees were preparing the deposit together. AT&T reviewed video surveillance of the employees preparing the deposit and could not determine based on that video whether either one or both of the employees had taken the missing money. According to the declaration of Berenice Lewis, the employee relations manager for AT&T at the time, "[u]nder circumstances such as these, when we did not have either video evidence or a witness who could confirm that theft occurred, we would treat it as a performance issue."[19] This difference in conduct

---

[19] Declaration of Berenice Lewis, ¶ 4

and evidence explains the difference in treatment between Plaintiff's case and the case of Ms. Mire and Ms. Leblanc. The Court therefore concludes that Plaintiff has failed to establish that she was treated less favorably than other similarly situated employees outside of the protected group. Accordingly, Plaintiff has failed to establish a prima facie case of discrimination. The Court finds that there is no genuine issue of material fact and that AT&T is entitled to summary judgment.

## IV.
### CONCLUSION

For the reasons set forth above, the motion for summary judgment [Doc. No. 36] filed by Defendant AT&T is GRANTED.

THUS DONE in Chambers on this 9th day of August, 2019.

Robert R. Summerhays
United States District Judge